IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 107-165 |
| | ) | |
| BYRON D. GRIFFIN | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Court-appointed defense counsel Stephen H. Brown submitted a voucher with appended time sheets requesting reimbursement for representing Defendant Byron D. Griffin in the above-captioned case from January 7, 2008 through May 30, 2008. The Honorable Lisa Godbey Wood, United States District Judge, referred the matter to the undersigned for a recommendation as to an appropriate amount to be paid on Mr. Brown's request for attorney's fees and expenses pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Mr. Brown be reimbursed for a total amount of $ **$7,266.34**.

### I.     BACKGROUND

The CJA provides that at the conclusion of a CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." 18 U.S.C. § 3006A(d)(1). The district is empowered to "fix" the compensation for CJA-appointed counsel and has the statutory authority and discretion to determine what is a reasonable

expense or a reasonable use of billable time. Id. § 3006A(d)(5); United States v. Griggs, 240 F.3d 974, 974 (11th Cir. 2001) (*per curiam*).

Furthermore, in the Augusta Division of the Southern District of Georgia, a handout explaining the duties, responsibilities, and rules regarding compensation is available from the Clerk of Court. On page one of these instructions, attached hereto as Exhibit A, counsel are specifically informed, "Counsel shall not delegate his or her responsibility to other counsel (except for emergencies with approval of the court and consent of defendant)." Thus, this Court has not looked favorably on requests for compensation in CJA vouchers for work performed by an attorney that is not the attorney named in the CJA appointment papers, even if the "other" attorney is a partner or associate in the same firm as the CJA-appointed attorney. Notably, however, instructions available from the Clerk of Court also specifically direct a CJA-appointed attorney to the Guidelines for the Administration of the Criminal Justice Act and Related Statutes, Volume 7, Guide to Judiciary Policies and Procedures, Section A ("the Guidelines") for additional information concerning the appointment. Chapter 2, Part B § 2.11A of the Guidelines allow appointed counsel to "claim compensation for services furnished by a partner or associate . . . within the maximum compensation allowed by the Act, separately identifying the provider of each service."[1] The Guidelines,

---

[1]The Guidelines explain:

> The **Guide to Judiciary Policies and Procedures** is the official medium by which guidance and information is provided to the Judiciary in support of its day-to-day operations. The **Guide** also codifies policies which are promulgated by Director of the AO and approved by the Judicial Conference of the United States.

The Guidelines, *available at* http://jnet.ao.dcn/Guide/Index.html.

2

*available at* http://jnet.ao.dcn/Guide/Volume_7/Section_A/Chapter_2.html#211 (emphasis added). Thus, the instructions provided by the Clerk of Court are at odds with the rules for reimbursement approved by the Judicial Conference of the United States.

## II. DISCUSSION

### A. Initial Review of Voucher

Court personnel reviewed Mr. Brown's CJA voucher submitted in this case for compliance with the Guidelines and mathematical accuracy prior to the undersigned's review. Upon concluding that review, 21.6 hours were deducted from the 92.6 hours claimed for out-of-court work because those 21.6 hours of work had been performed by paralegal personnel; although the 21.6 hours were reimbursable, they could not be reimbursed at an attorney's hourly rate. Those 21.6 hours were "deducted" from the out-of-court portion of the voucher and then added back at a reduced rate as an expense, for a total of $8,514.43. Of that $8,514.43, $7,410.00 was for in and out-of-court hours billed for attorney services. However, as the CJA sets a maximum of $7,000.00 to be paid for attorney representation in a felony case, 18 U.S.C. § 3006A(d)(2), Mr. Brown included with his voucher a letter addressed to Ms. Linda Flanders in the Clerk of Court's Office stating that he "want[s] to take the maximum amount permitted even though my worksheet indicates I am over that amount." Letter from Stephen H. Brown to Linda J. Flanders (July 9, 2008). Thus, the total amount claimed at the end of the initial review of the voucher was $8,104.43, comprised of $7,000.00 in attorney's fees and $1,104.43 in expenses.

3

## B. Court's Review of Voucher

In making this recommendation, the undersigned reviewed the entire voucher, the time sheets submitted, and the record of the case as it relates to Mr. Brown's representation of Defendant Griffin. By virtue of its involvement with the pre-trial portions of this case, including ruling on the pre-trial and discovery motions filed in the case, the Court is also familiar with the case and the time generally required by counsel to prepare such a case for final disposition.

By way of general background, Defendant Griffin was charged with one count of Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g), Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1), and Carrying a Firearm During a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). (Doc. no. 1). Defendant Griffin was indicted on these charges one day before he pleaded guilty to one count of Conspiracy to Possess and Utter Counterfeit Securities of an Organization, in violation of 18 U.S.C. § 371, in United States v. Griffin, CR 107-105 (S.D. Ga. Oct. 3, 2007).

Mr. Brown, who had been appointed under the CJA to represent Defendant Griffin in CR 107-105, was also appointed under the CJA to represent Defendant Griffin in the above-captioned case. Mr. Brown made his first appearance with Defendant Griffin in this case at the initial appearance and arraignment on January 8, 2008. Mr. Brown filed ten (10) pre-trial motions on Defendant Griffin's behalf. (Doc. nos. 11-13, 15-21). Jury selection was set for March 10, 2008 (doc. no. 10), and on February 20, 2008, Defendant Griffin appeared before Judge Wood to enter a guilty plea to the Possession with Intent to Distribute

4

Cocaine Base charge (doc. nos. 29-31). The Court also notes that the time entries reflect that Mr. Brown was involved in negotiating on two different plea agreements in this case. While time entries suggest the first plea agreement offered by the government apparently related to the firearms portion of the indictment, as of February 8, 2008, the time entries indicate that there was the potential for a new plea offer from the government.[2,3] Moreover, as noted, *supra*, Defendant Griffin entered a guilty plea in this case on the drug charge, not on a firearms charge.

Prior to sentencing, Mr. Brown worked on obtaining as favorable as possible Presentence Investigation Report for Defendant Griffin and responded to the government's motion for a downward departure.[4] (Out-of-Court Hourly Worksheet, pp. 13-30, Feb. 6, Feb. 8, Feb. 12, Mar. 13, Mar. 20, Mar. 24, Mar. 28, Mar. 31, Apr. 1, Apr. 2, Apr. 7, Apr. 16, Apr. 21-25, May 7 Entries; doc. no. 38). On May 22, 2008, Defendant Griffin was sentenced to 78 months of imprisonment, which is to be served concurrently with a term of 60 months of

---

[2]Cf. Out-of-Court Hourly Worksheet, p. 12, Jan. 31 Entry (discussion of plea under § 922(g))) with id. at 16-17, Feb. 8 Entries (discussion of possible change in plea offer with government's attorney and work on issues related to "possible new plea offer").

[3]It appears as though this change in plea negotiations may have related to numerous attempts by counsel to locate information concerning the person who was with Defendant Griffin when he was arrested on the charges forming the basis of this case. On this point, the Court notes that it confirmed with the United States Probation Office that obtaining information from State authorities concerning this case was not an easy task, and in fact required several attempted contacts by the Probation Officer to obtain necessary information.

[4]Here, the Court notes that after Mr. Brown responded to the government's motion for a downward departure, the government increased its estimation of the level of cooperation offered by Defendant Griffin. At sentencing, Judge Wood specifically mentioned that revision and its impact on her decision to depart downward from the Advisory Sentencing Guidelines.

5

imprisonment for the conviction in CR 107-105 noted above.[5] As Judge Wood announced at the sentencing, Defendant faced a sentence for both cases in the Sentencing Guidelines range of 92 to 115 months of imprisonment; the probation officer recommended a sentence of 84 months of imprisonment. Moreover, although Defendant Griffin received a sentence in CR 107-105 equivalent to the statutory maximum of five years, he faced a statutory maximum sentence of 20 years of imprisonment on the drug charge alone to which he pleaded guilty in CR 107-165. That Defendant Griffin received a total sentence of imprisonment of 78 months, 6.5 years, must certainly be viewed as a favorable outcome for Defendant Griffin.

Turning to the specific time entries in support of the CJA voucher, the undersigned finds the 3.1 hours claimed by Mr. Brown for in-court proceedings to have been reasonably spent and billed. However, as to the 71.0 out-of-court hours listed on the voucher, more detailed comments are warranted.

The first area of concern for the Court is the 10.3 hours claimed for work performed by Michael N. Loebl, a partner at Mr. Brown's firm. As noted in Part I, *supra*, the instructions provided by the Clerk of Court explicitly state that CJA-appointed counsel shall not delegate his responsibilities to other counsel except for emergencies with approval of the

---

[5] On October 3, 2007, Defendant Griffin was charged, along with two co-defendants, with one count of Conspiracy to Possess and Utter Counterfeit Securities of an Organization, in violation of 18 U.S.C. § 371. (CR 107-105, doc. no. 1). On December 14, 2007, Defendant Griffin pleaded guilty in CR 107-105. (Id., doc. nos. 81-83). The sentencing for the charges in CR 107-105 and CR 107-065 was held in one proceeding on May 22, 2008. (Id., doc. no. 99; CR 107-165, doc. no. 39). Mr. Brown's request for reimbursement of his CJA-appointed services in CR 107-105 is addressed in a separate Report and Recommendation.

Court and consent of the defendant. (See attached Ex. A). Yet, the Guidelines, Part B, § 2.11A clearly provide for compensation of services furnished by a partner or associate within the maximum compensation allowed by the CJA. In this case, the initial hours claimed exceeded the $7,000 maximum, but Mr. Brown stated that he would not pursue the $410.00 overrun. Thus, the Court need not be concerned with whether Mr. Loebl's hours are compensable in light of the overrun. Additionally, the Court concludes that in light of the discrepancy between the information available from the Clerk of Court and the Guidelines approved by the Judicial Conference of the United States, the Guidelines should control. Therefore, if Mr. Loebl's hours were reasonably billed, those hours should be eligible for reimbursement.

Having reviewed the time entries for Mr. Loebl, the Court finds the 10.3 hours claimed were disproportionate to the complexity of the case and the tasks necessary for the defense of the case. In particular, the Court is concerned with the time spent "reviewing and studying" the Sentencing Guidelines, often with Mr. Brown. (See, e.g., Out-of-Court Hourly Worksheet, p. 10, Jan. 23 Entry; p. 13, Feb. 6 Entry; p. 25, Mar. 28 Entry). Mr. Loebl also billed for reviewing pre-trial motions prepared by Mr. Brown. (Id. at 8, Jan. 18 and Jan. 21 Entries). The Court does not believe that this case necessitated duplicative work from two experienced attorneys. Although overall Mr. Loebl's work undoubtedly contributed to the favorable disposition of the case for Defendant Griffin, the Court recommends that the hours claimed for Mr. Loebl's work should be halved.[6]

---

[6] As Mr. Loebl's 10.3 hours were billed at $100.00 per hour, the total amount of the recommended reduction is $515.00.

7

Next, the Court turns its attention to the time spent by Mr. Brown preparing pre-trial and discovery motions in this case. Mr. Brown billed 3.7 hours for 10 motions, several of which requested the same Court action and/or information as the motions he had just filed on behalf of Defendant Griffin in CR 107-105.[7] Nevertheless, the Court recognizes that at least one of the motions in this case, the request for funding for an expert, was new and different to this case. Accordingly, the Court recommends that 2.5 hours be deducted from Mr. Brown's 3.7 hours billed for preparing motions.[8]

The Court is also concerned that there may have been some billing in this case for matters which were also billed in CR 107-105. In particular, Mr. Brown claimed mileage expenses of $39.20 in this case and in CR 107-105 for a trip to the Lincoln County Jail on January 30, 2008. As that has already been claimed in CR 107-105, the taxpayers should not be billed twice, and the Court recommends that $39.20 be deducted from the expenses allowed in this case.[9]

---

[7]For example, both cases had motions requesting permission to participate in voir dire and to record the race of veniremen, seeking a witness list from the government, seeking the disclosure of information pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and seeking an order from the Court directing the preservation of evidence. Cf. CR 107-105, doc. nos. 24, 25, 27, 28, 29 with CR 107-165, doc. nos. 11, 12, 13, 15, 19.

[8]As these 2.5 hours were billed at the rate of $100.00 per hour, the total dollar value of the recommended reduction is $250.00.

[9]Unlike the twice billed entries identified in the Report and Recommendation on the voucher for CR 107-105, the amount of time claimed for the entries in the two case related to a January 30, 2008 trip to the Lincoln County Jail are distinctly different: 2.2 hours in CR 107-105 and .80 of an hour in CR 107-165. Moreover, as explained in the Report and Recommendation on Mr. Brown's voucher submitted in CR 107-105, the rejected entries in that case for trips to see Defendant Griffin could be identified by the chronology of events

8

Lastly, the Court turns its attention to the hours claimed on the voucher for discussions with Defendant Griffin's mother that appear to be unrelated to the resolution of any issues in this case. While the Court does not doubt Mr. Brown and the paralegal expended the claimed time in a good faith, the Court cannot recommend that taxpayers be billed for this time. As one court has explained, "What is commendable, however, is not necessarily compensable." United States v. Smith, 76 F. Supp. 2d 767, 769 (S.D. Tex. 1999); see also United States v. Fedor, No. 07-20621-CR-SEITZ, 2008 WL 2264556, at *4 (S.D. Fla. May 7, 2008), *adopted by* United States v. Fedor, No. 07-20621-CR, 2008 WL 2264554 (S.D. Fla. June 2, 2008) (reducing time on CJA voucher for time spent conferring with the defendant's relatives on items not required for defense of the case but instead "to explain the judicial process and counsel's plans"). Therefore, the Court recommends that the time for the following entries not be compensated:[10]

- 01/21/2008  Call from Vicky Thompson, Mr. Griffin's mother, regarding the status of the defense of his case (SHB)  .30 hour

- 01/24/2008  Contact with Vicky Thompson, mother of Byron Griffin, regarding payments to officials in Aiken and Edgefield, South Carolina, to have charges dismissed[11] (DHG)  .20 hour

---

in the two cases and/or the law enforcement officer attending the meeting(s) in question. Thus, the Court presumes that in this instance, Mr. Brown split the time claimed between the two cases but simply forgot to remove the claimed mileage from this case.

[10] As Mr. Brown's .30 of an hour was billed at the rate of $100.00 per hour, and the paralegal's .30 of an hour was billed at a rate of $12.98 per hour, the total dollar value of the recommended reduction is $33.89.

[11] As restitution matters in South Carolina were at issue in CR 107-105, it may be that this entry was billed to the wrong case.

9

- 05/14/2008     Contact Vick[y] Thompson regarding the sentencing hearing
                 scheduled for 5-22-08  (DHG)                    .10 hour

### III.     CONCLUSION

While at first blush the total amount of Mr. Brown's voucher in this case seemed somewhat exorbitant, the Court is satisfied upon the conclusion of its closer examination that the hours claimed, except as indicated otherwise herein, were goal-directed and designed to address specific elements of the government's case, including sentencing issues. Moreover, as noted herein, this case also presented unique circumstances concerning the recalcitrance of certain State officials to provide requested information concerning case specific details about the charges against Defendant Griffin. Accordingly, pursuant to the reasonableness standard imposed by the CJA, the Court **REPORTS** and **RECOMMENDS** that Mr. Brown's voucher be reduced $838.09 from the amount he agreed to accept in this July 9, 2008 letter to the Clerk of Court and that Mr. Brown be reimbursed for a total amount of **$7,266.34.**

SO REPORTED and RECOMMENDED this __ day of August, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# U. S. District Court       Attorney - CJA

The following information is provided for the guidance of privately practicing attorneys appointed, pursuant to the Criminal Justice Act (18 U.S.C. 3006A), to represent a person financially unable to obtain adequate representation.

## Duties of Appointed Counsel: http://jnet.ao.dcn/Guide/Volume_7/Section_A.html

1. Counsel named in the Order of Appointment Form CJA 20 must personally appear at all proceedings. Counsel shall not delegate his or her responsibility to other counsel (except for emergencies with approval of the court and consent of defendant). Counsel who is unable to personally fulfill his or her obligation to a defendant because of health or other good reason should immediately so notify the court in writing.

2. Counsel is required to secure the appearance of the defendant at all pretrial conferences and at all other proceedings requiring the appearance of the defendant.

3. Counsel shall fulfill his or her professional responsibility as an officer of the court, and the limited amount of compensation accruing in no respect diminishes such responsibility.

4. Counsel appointed by the U. S. District Court shall continue to serve until his or her representation is terminated by the provisions of the plan of the court, adopted pursuant to the Criminal Justice Act of 1964, as amended by Public Law 91-447, or by court order.

5. Counsel shall report, to the court, any change in the financial status of the person he or she was appointed to represent which indicates the ability of the person to finance all or part of the representation.

## Termination of Appointment: 
Representation of a defendant in a criminal case shall terminate with the imposition of sentence following the acceptance of a plea of guilty, a plea of nolo contendere, or the finding of a guilty verdict. **Counsel shall, following the imposition of sentence in a criminal case where the defendant has been found guilty after trial or entered a plea of guilty, advise the defendant of his or her right to appeal and of his or her right to counsel on appeal. If requested to do so by the defendant, counsel shall file a timely Notice Of Appeal.** Counsel on appeal shall be appointed by the Court of Appeals. Representation in all other proceedings shall terminate when the purpose of the appointment is accomplished or when terminated by court order.

## Compensation: 
Counsel shall be compensated at a rate not exceeding $100.00 per hour for time expended in court and for time reasonably expended out of court, and shall be reimbursed for expenses reasonably incurred. **All time should be reported in one-tenth increments**

1

EXHIBIT A